35594. MAY, administratrix, *v.* BRADDOCK, administratrix.

Decided April 18, 1955.

J. D. *Godfrey*, *Casey Thigpen*, for plaintiff in error.
*Stevens & Stevens*, contra.

FELTON, C. J. The caveat to the application of the administratrix to sell the lands of the estate of John V. May is fatally defective in that:

1. It alleges that the title to the lands is in the heirs (legatees) under the will of John V. May, in which event the judgment for the second year's support would not be collectible from the administratrix of John V. May's estate, but pro rata from the legatees. Code § 113-821; Redfearn, Wills and Administration of Estates, 252, § 150. The only way in which the title to the lands could be in the legatees would be the fact of assent of the executor. Code § 113-801.

2. The caveat does not assign as a ground the fact that the caveatrix has elected or could elect to take property in lieu of money. In the absence of such a contention, it will be presumed that the caveator would be satisfied with a money judgment. In such a case, even if the administratrix was legally appointed after the executor had been discharged, and could legally sell the lands of the estate as such administratrix, the caveatrix could proceed against the administratrix to collect the year's support award, and she would have no ground for contesting the administratrix's right to sell the lands of the estate on the grounds stated in the caveat.

So, in any event so far as the grounds of the caveat show, the caveatrix could enforce whatever money judgment she obtains for a second year's support against either the legatees or the administratrix, and there is no occasion for objecting to the sale of the lands.

The superior court did not err in sustaining the motion to dismiss and in dismissing, on appeal, the amended caveat to the application for leave to sell.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*